James W. Calvo, # 2101-95-TA
jimmy@jamescalvolaw.com
Calvo Law Offices, P.C.
1700 Park Street, Suite 211
Naperville, Illinois 60563
(630) 857-3788
(331) 472-4556 *fax*

*Attorney for Defendant*
*Adam Dean Hage*

Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

*Attorneys for Defendant*
*Adam Dean Hage*

# UNITED STATES DISTRICT COURT
### for the
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STOUGH ASSOCIATES, L.P.,<br>   Plaintiff,<br><br>v.<br><br>ADAM DEAN HAGE,<br>   Defendant, | Case No. 1:19-cv-1970<br><br>**NOTICE OF REMOVAL OF ACTION UNDER U.S.C. § 1441(c)**<br><br>Complaint Filed: November 16, 2018 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441, 1446 and 1332, Defendant Adam Dean Hage, hereby removes this civil action from the Superior Court for the County of Marion, where it is currently pending as Case No. 49D05-1811-PL-045846, to the United States District Court for the Southern District of Indianapolis.

1. On or about November 16, 2018, Plaintiff commenced an action in the Superior Court of Marion County, against Adam. Plaintffs' Complaint ("Complaint") seeks judgment against Adam for damages allegedly suffered as a result of a breach of a commercial lease agreement. A copy of the State Court Record, (Docket Sheet, Complaint, Summons, Appearance of Stacy Walton Long, Appearance of Tiaundra M. Foster, Certificate of Issuance of Summons, Notice of Filing Proof of Service, Appearance of Eric Pavlack and Colin Flora, Verified Petition for Temporary Admission of James W. Calvo, Temporary Admission Receipt, Motion to Withdraw Appearance of Tiaundra Foster), pursuant to Local Rule 81-2 is attached hereto as **Exhibit A**.

2. Plaintiff served Adam on December 11, 2018 by causing the Summons and Complaint to be delivered via certified mail to Adams' attorney. A copy of the Complaint is attached hereto as **Exhibit B**.

3. Plaintiff and Adam agreed to stay all proceedings on December 19, 2019, in an attempt to reach an amicable settlement of this matter. Correspondence evidencing the agreement to stay all proceedings is attached hereto as **Exhibit C**.

4. Settlement negotiations ended without a resolution on April 25, 2019.

5. This Court has original jurisdiction over this action under 28 U.S.C § 1332(a) on the ground that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court because the State Court Action is pending in a Marion County Superior Court.

## COMPLETE DIVERSITY OF CITIZENSHIP

7. There is complete diversity of citizenship between the parties.

8. Plaintiff Stough and Associates, L.P., is an Ohio Limited Partnership, whose principal place of business is 502 N. Capitol Ave, Indianapolis, Indiana 46204.

9. Defendant Adam Hage is a resident, citizen and domiciliary of the State of Illinois.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Plaintiff quantifies the amount of damages they seek in this case. *See* Complaint, Prayers for Relief, wherein Plaintiff requests a judgment in its favor in the amount of $108,767.30.

11. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the notice of removal." *See* Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995).

12. Moreover, on or about March 28, 2019, Plaintiff produced a calculation of amounts due and owing ("Remaining Claim") wherein Plaintiff claimed $87,404.31 due. Attached hereto as **Exhibit D** is Plaintiff's "Remaining Claim" calculation.

13. Adam denies the allegations as to damages in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiffs' claims, as evidenced by the documents attached hereto as Exhibit A and Exhibit B, demonstrate an amount in controversy in excess of $75,000.

14. Given the complete diversity of the real parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action properly is removable pursuant to 28 U.S.C. § 1441.

## NOTICE IS TIMLEY

15. This Notice of Removal is timely filed because the parties agreed to stay all proceedings shortly after Adam was served with the Complaint and Summons.

16. 28 U.S.C. § 1446(b)(1) requires, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

17. However, "section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003).

18. *Tedford* makes it clear then that the conduct of the parties can be considered when determining whether to strictly apply the time limit enumerated in the statute.

19. Moreover, Plaintiff can agree to waive the time limit, and equitable consideration can be applied in a situation where a defendant does not timely assert the right to remove. *See* Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986) (*In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right.*)

20. In light of Plaintiff's agreement to stay the proceedings on December 19, 2018, the time in which Adam is required to file this Notice was also stayed.

21. The 30-day time requirement began again once settlement negotiations ended on April 25, 2019.

22. Therefore, Adam has until May 17, 2019 to file this Notice of Removal in order to comply with the Statute.

## OTHER ISSUES

23. Pursuant to Indiana Local Rule 81-2, the undersigned counsel hereby certifies that there are no hearings set before the Marion County Superior Court from which the case was removed, and all pleadings and process files therein are attached hereto.

24. This Notice of Removal has been served on Plaintiffs' counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as **Exhibit E**) will be filed with

the Marion County Superior Court as soon as this Notice of Removal has been filed in this Court.

## CONCLUSION

Because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1332. Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C § 1441.

WHEREFORE, Adam requests that the action now pending before the Marion County Superior Court 5, Indiana Civil Case No. 49D05-1811-PL-045846, be removed to this court.

By: _____
James W. Calvo

James W. Calvo
Temporary Attorney #. 2101-95-TA
Calvo Law Offices, P.C.
1700 Park Street, Suite 211
Naperville, Illinois 60563
info@jamescalvolaw.com
Phone: (630) 857-3788
Fax: (331) 472-4556

/s/ Eric S. Pavlack
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
Eric@PavlackLawFirm.com
Coli@PavlackLawFirm.com