UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STOUGH ASSOCIATES, L.P., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-01970-DLP-JPH |
| ADAM DEAN HAGE, | ) |
| Defendant. | ) |
| ADAM DEAN HAGE, | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| MATT SUTIKA, | ) |
| Third Party Defendant. | ) |

## O<span style="font-variant:small-caps;">RDER</span>

This matter comes before the Court on Defendant Adam Dean Hage's Motion to Dismiss Plaintiff's Complaint, Dkt. [21]. The motion, now fully briefed and ripe for decision, is **DENIED** for the reasons discussed below.

## I.   B<span style="font-variant:small-caps;">ACKGROUND</span>

On May 22, 2012, Matthew Douglas Sutika ("Sutika"), doing business as Matt Sutika Agency, entered into a retail lease agreement (the "Original Lease") with Stough Associates, L.P. ("Stough"). (Dkt. 1-3 at 7-42). The terms of the agreement read, in relevant part:

1

> . . .
>
> THIS RETAIL LEASE ("Lease") is made and entered into as of the 22nd day of May, by and between **STOUGH ASSOCIATES, L.P.**, an Ohio limited partnership ("Landlord"), and **MATTHEW DOUGLAS SUTIKA** . . . d/b/a Matt Sutika Agency, an independent contract agent of State Farm Insurance ("Tenant").
>
> . . .

(Dkt. 1-3 at 7). Sutika agreed to lease a portion of a retail center building located at 5953 East 86th Street, Suite C-4 in Indianapolis, Indiana for three years and six months. (Dkt. 1-3 at 7). Stough signed the Original Lease as the landlord, and Sutika signed as the tenant. (Dkt. 1-3 at 27).

On April 1, 2013, Stough and Sutika executed a First Amendment to Lease (the "First Amendment"):

> . . .
>
> A. Landlord and Tenant are parties to that certain retail lease dated May 22, 2012 (the "Lease"), pursuant to which Landlord has leased to Tenant, and Tenant has leased from Landlord, approximately 1,200 square feet of rentable space (the "Existing Space") located at 5953 East 86th Street, Suite C-4, Marion County, Indiana.
>
> B. Tenant desires to increase its rentable space and Landlord wishes to lease the tenant an additional 1,200 square feet known as "Suite C-3" at 5957 East 86th Street (the "Expansion Space") for a total of 2,400 square feet of rentable space (the "Existing Space" and the "Expansion Space" shall hereinafter be defined as the "Premises" and shown on Exhibit A attached hereto).
>
> . . .

(Dkt. 1-3 at 43, 52). Stough and Sutika agreed to amend the lease to permit an expansion of the existing space, extension of the lease term, and a change in the

2

amount of minimum rent. (Dkt. 1-3 at 43-44). Stough signed the First Amendment as the landlord, and Sutika signed as the tenant. (Dkt. 1-3 at 46).

On May 1, 2014, Sutika incorporated a domestic for-profit corporation, Suticon Hagemont, Inc. ("SHI"), in the State of Indiana. (Dkt. 29-2 at 2). On June 17, 2014, Stough and SHI executed a Second Amendment to Lease (the "Second Amendment"):

. . .

> **THIS SECOND AMENDMENT OF LEASE** (this "Amendment") is made this 17th day of June, 2014 by **STOUGH ASSOCIATES, L.P.**, an Ohio limited partnership ("Landlord") and **SUTICON HAGEMONT, INC.** ("Tenant")
>
> . . .
>
> A. Landlord and Tenant's predecessor in interest are parties to that certain Retail Lease dated May 22, 2012, as amended by that certain First Amendment to Lease (the "First Amendment") dated April 1, 2013 (collectively the "Lease"), pursuant to which Landlord has leased to Tenant, and Tenant has leased from Landlord, approximately 2,400 square feet of rentable space (the "Existing Space") located at 5953-5957 East 86th Street, Suites C-3 and C-4, Marion County, Indiana.
>
> B. Tenant desires to increase its rentable space and Landlord wishes to lease to Tenant an additional 2,400 square feet known as Suites C-1 and C-2 at 5961-5965 East 86th Street (the "Expansion Space") for a total of 4,800 square feet of rentable space (the "Existing Space" and the "Expansion Space" shall hereinafter be defined as the "Premises" and shown on Exhibit A attached hereto).
>
> . . .
>
> 14. Guaranty. From the date hereof, Tenant's obligations hereunder are being guaranteed by Matthew Douglas Sutika and Adam Dean Hage pursuant to the Guaranty of Lease attached hereto.

(Dkt. 1-3 at 52, 55). Stough signed the Second Amendment as the landlord, and Sutika signed as the tenant. (Dkt. 1-3 at 56). As part of the Second Amendment, Sutika and Defendant Adam Hage ("Hage") signed an Assignment and Assumption of Lease and Consent to Assignment as assignor and assignee, respectively. (Dkt. 1-3 at 59). The Second Amendment further included two documents entitled "Guaranty of Lease," one document signed by Sutika, and the other signed by Defendant Hage. (Dkt. 1-3 at 60-65). The Guaranty of Lease (the "Guaranty") signed by Hage reads, in relevant part:

. . .

> (1) Guarantor unconditionally and absolutely agrees to Landlord, its successors and assigns (a) the prompt and punctual payment by Tenant of *all rent* and other sums due thereon and each and every installment thereof, and all other sums due under the Lease, as may be amended, renewed, or extended . . .
>
> (2) The obligations of Guarantor shall be direct and immediate and not contingent. Guarantor agrees that the obligations of Guarantor hereunder are independent of the obligations of Tenant, and a separate action or actions may be brought and prosecuted against Guarantor regardless of whether action is brought against Tenant or whether Tenant is joined in such action or actions and regardless of whether any action is taken to realize upon any security given at any time for the payment of Rent or satisfaction of any other obligations guaranteed hereby.
>
> (3) Landlord may also, without notice to Guarantor and without affecting Guarantor's liability under this Guaranty or Landlord's remedies hereunder, (a) enter into renewals, modifications, extensions and/or amendments to the Lease as Landlord may desire, (b) release any security given at any time for the payment of Rent or satisfaction of other obligations guaranteed hereby, (c) release any one or more of the parties liable or who may become liable on the Lease or similar guarantees . . .

(Dkt. 1-3 at 63) (emphasis added).

4

On September 22, 2014, Stough and SHI executed a Third Amendment to Lease ("Third Amendment"). (Dkt. 1-3 at 66-69). Stough signed the Third Amendment as the landlord, and Sutika signed as the tenant. (Dkt. 1-3 at 69). Sutika and Hage signed a "Consent of Guarantors," which reads, in relevant part:

. . .

> The undersigned, each being the Guarantor under each Guaranty of Lease dated June 17, 2014 issued to Stough Associates, L.P. concerning the Retail Lease dated May 22, 2012, as amended, by Suticon Hagemont, Inc., Tenant, hereby consents to the foregoing Third Amendment to Lease and agree and reaffirm that all obligations of Tenant thereunder are guaranteed by said Guaranties.

(Dkt. 1-3 at 70).

On January 1, 2017, Stough and SHI executed a Fourth Amendment of Lease ("Fourth Amendment"). (Dkt. 1-3 at 72-76). Sutika signed the document as the tenant and consented to the Fourth Amendment by signing a "Confirmation and Ratification by Guarantor." (Dkt. 1-3 at 76-77). Hage did not sign the Fourth Amendment or execute a new guaranty. (Dkt. 1-3 at 72-77).

Eventually, SHI defaulted on the Lease of the retail center building by failing to pay the rent. (Dkt. 1-3 at 4). On November 16, 2018, Stough filed a lawsuit against Hage in Marion County Superior Court relating to the outstanding debt and his breach of guaranty. (Dkt. 1-3 at 2-6). On May 17, 2019, Hage removed the case to this Court. (Dkt. 1). On August 6, 2019, Hage filed the present Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 21).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief can be granted." *Wright v. Thompson*, No. 4:12-CV-10-RLY-WGH, 2012 WL 2401532, at *1 (S.D. Ind. June 25, 2012); Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Wright*, 2012 WL 2401532, at *1; *U.S. v. Clark Cty., Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000) (citing *Gibson v. City of Chi.*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)).

When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008); *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *Lawrenceburg Power, LLC v. Lawrenceburg Mun. Util.*, No. 4:18-cv-00232-TWP-DML, 2019 WL 4749968, at *1 (S.D. Ind. Sept. 30, 2019).

When considering a 12(b)(6) motion to dismiss, the court, generally, may not consider matters outside the pleadings without converting the motion to a motion for summary judgment and analyzing the evidence under the standard of Rule 56. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Goodwin v. Teamsters Gen. Local Union No 200*, No. 17-CV-1377, 2018 WL 1175168, at *2 (E.D. Wis. Mar. 6, 2018); *Daley v. Grajec*, No. 1:06-CV-1493-JDT-WTL, 2007 WL 2286132, at *3 (S.D. Ind. Aug. 7, 2007). Federal Rule of Civil Procedure Rule 12(d) provides:

> **(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under 12(b)(6)..., matters outside the pleadings

6

> are presented to and not excluded by the court, the motion must
> be treated as one for summary judgment under Rule 56. All
> parties must be given a reasonable opportunity to present all the
> material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Thus, the court has two options when matters outside the pleadings are presented on a motion under Rule 12(b)(6): exclude the materials and handle the case as a straightforward motion to dismiss, or consider the materials and convert the motion to one for summary judgment. *Levenstein*, 164 F.3d at 347; *Browning v. Flexsteel Indus., Inc.*, 959 F. Supp. 2d 1134, 1143 (N.D. Ind. 2013); *DeLeon v. Beneficial Const. Co.*, 998 F. Supp. 859, 862 (N.D. Ill. 1998).

A court may, however, take judicial notice of matters outside the pleadings, without converting a Rule 12(b)(6) motion into a motion for summary judgment, if it is a matter of public record, including: court orders, items appearing in the record of the case, and exhibits attached to the complaint. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Goodwin*, 2018 WL 1175168, at *2. This narrow exemption allows courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the Rule 12(b)(6) standard. *Gen. Elec. Capital Corp.,* 128 F.3d at 1081. The exemption is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties. *Id.* at 1080.

## III. DISCUSSION

### A. Judicial Notice

Here, Hage maintains that an executed Settlement Agreement and Release ("Settlement Agreement") between Sutika and the Plaintiff demonstrates that the present case should be dismissed pursuant to Rule 12(b)(6). Hage maintains that the Settlement Agreement released him from all litigation involving the Lease of the retail center building in question. (*See* Dkt. 22 at 1-2; Dkt. 29 at 3-4).

In its response, Stough argues that the Settlement Agreement relied on by Hage was not included or referenced in the Complaint, and thus should not be considered by the Court for purposes of this motion to dismiss.[1] (Dkt. 28 at 1 n. 1). The Defendant fails to refute this assertion, therefore the Court accepts the Plaintiff's contention that the Settlement Agreement is not referenced in, attached to, or central to the Complaint.

As noted above, our procedural rules do not allow the Court to consider matters outside the pleadings on a motion under Rule 12(b)(6) without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). Hage fails to present any argument to support converting this motion into one for summary judgment. Thus, the Court must now determine whether it is appropriate to take judicial notice of the Settlement Agreement in Hage's motion to dismiss.

---

[1] When considering a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Levenstein*, 164 F.3d at 347; *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993); *Wright v. Assoc. Ins. Co. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

In *Gen. Elec. Capital Corp.*, the Seventh Circuit held that the lower court erred in taking judicial notice of a private settlement agreement to resolve a motion to dismiss because the court did not previously establish that the agreement's "accuracy [could not] reasonably be questioned." 128 F.3d at 1084; *see* Fed. R. Evid. 201(b). Relying on Federal Rule of Evidence 201,[2] the Seventh Circuit explained that while a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute, a settlement agreement has none of the indicia of trustworthiness found in a public record. *Id.*; Fed. R. Evid. 201. Unlike a public record, a party to a private settlement "may intentionally insert (or accept) misleading or erroneous language into an agreement for its later benefit in tangentially related litigation." *Id.*

Here, Hage has failed to present any evidence explaining why the Settlement Agreement referenced in his motion to dismiss is a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Without establishing accuracy, it is inappropriate for the Court to take judicial notice of the Settlement Agreement for the truth of the facts asserted at this stage.

Therefore, for purposes of this motion, the Court will not take judicial notice of the Settlement Agreement, and will analyze whether the Plaintiff has stated a plausible claim for breach of the guaranty contract upon which relief can be granted. *Wright*, 2012 WL 2401532, at *1; Fed. R. Civ. P. 12(b)(6).

---

[2] Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute. Fed. R. Evid. 201. A fact is not subject to reasonable dispute if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Id.

9

**B. Breach of Guaranty Claim**

For purposes of determining whether Stough pleaded factual allegations sufficient to survive a 12(b)(6) motion to dismiss, the Court accepts the factual allegations stated in the Complaint as true and draws all reasonable inferences in favor of the Plaintiff. *See Bielanski*, 550 F.3d at 633. In this case, the Plaintiff asserts that as a personal guarantor of SHI, Hage breached his obligations under the Guaranty by failing to pay for indebtedness owed by SHI. (Dkt. 1-3 at 4). Specifically, the Plaintiff argues that because SHI defaulted on the Lease Agreements, the terms of the Guaranty contract required Hage to pay the outstanding rent balance of $108,767.30. (Dkt. 28 at 2). The Plaintiff relies upon several documents in support of its breach of guaranty claim, all of which are attached to the Complaint and labeled as exhibits, including the Lease Agreements, the Guaranty, and a letter from Plaintiff's Counsel to Defense Counsel entitled "Notice of Default . . ." (the "Default Letter"). (Dkt. 1-3).

This matter is presently before the Court on the basis of diversity jurisdiction. Breach of contract claims are state law claims, thus, in order to assess the alleged breach, the court must first determine which state's laws apply. *BMO Harris Bank N.A. v. J-Lin Trucking, Inc.*, No. 4:17-CV-45, 2019 WL 1332174, at *2 (N.D. Ind. Mar. 25, 2019); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Because the Guaranty signed by Hage provides that Indiana state law is applicable in the event of alleged breach, this Court applies

Indiana law, as stipulated by the parties at the time of alleged contracting. (*See* Dkt. 1-3 at 65).

Under Indiana law, a guaranty is an independent contract to assume liability for performance of a duty or payment of a debt if the primary obligor defaults in performance or payment. *McEntire v. Ind. Nat'l. Bank*, 471 N.E.2d 1216, 1223 (Ind. Ct. App. 1984); *see INDYCAR LLC v. Casey*, No. 1:16-CV-01274-TWP-MJD, 2016 WL 11269434, at *4 (S.D. Ind. Sept. 20, 2016). Indiana law provides that the interpretation of a guaranty agreement is governed by the same rules applicable to other contracts. *INDYCAR LLC*, 2016 WL 11269434, at *3; *Kruse v. Nat'l Bank of Indianapolis*, 815 N.E.2d 137, 144 (Ind. Ct. App. 2004); *Kordick v. Merchants Nat'l Bank & Trust Co. of Indianapolis*, 496 N.E.2d 119, 123 (Ind. Ct. App. 1986). Thus, to succeed on its breach of guaranty claim, Stough must prove (1) the existence of a guaranty contract; (2) breach of the guaranty; and (3) damages. *BMO Harris Bank N.A.*, 2019 WL 1332174, at *3 (N.D. Ind. Mar. 25, 2019) (citing *Guardian Nat'l Acceptance Corp. v. Swartzlander Motors, Inc.*, 962 F. Supp. 1137, 1143 (N.D. Ind. 1997)).

The Court finds that Stough has presented sufficient factual allegations in the Complaint to state a claim for breach of guaranty. First, the Plaintiff provided the guaranty contract, which is signed by both parties, indicating offer and acceptance. (Dkt. 1-3 at 27, 46, 56, 63-65). Additionally, because Hage entered into the guaranty contemporaneously under the Lease Agreeement, proper consideration has been given for the contract. (Dkt. 1-3 at 63); *see Loudermilk v. Casey*, 441

11

N.E.2d 1379, 1384 (Ind. Ct. App. 1982) ("If a guaranty is made at the time of the contract to which it relates, so as to constitute part of the consideration for the contract, sufficient consideration exists . . ."). The Court finds that Stough has pled sufficient facts to establish the existence of a valid guaranty contract.

Second, Stough sufficiently alleges that Hage breached the terms of the Guaranty contract when he failed to pay the past due rent balance owed by SHI to Stough. Giving effect to the plain language of the Guaranty itself, the Court finds the terms of the Guaranty are unambiguous—as Guarantor, Hage agreed to the "prompt and punctual payment by Tenant of all rent and other sums due thereon and each and every installment thereof, and all other sums due under the Lease." (Dkt. 1-3 at 63). With the default letter and the guaranty language, the Plaintiff has presented sufficient facts to allege Hage's breach of guaranty.

Finally, Stough maintains that Hage's failure to pay has caused it to incur damages, including attorneys' fees and costs. (*See* Dkt. 1-3 at 5, 20, 64). Taking these facts as true, the Plaintiff states a plausible claim for relief for breach of guaranty. Therefore, the Defendant's motion to dismiss must be denied.

### IV. CONCLUSION

For the reasons discussed herein, this Court **DENIES** the Defendant's Motion to Dismiss Dkt. [21].

So ORDERED.

Date: 2/4/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.