UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STOUGH ASSOCIATES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01970-DLP-JPH |
| ) | |
| ADAM DEAN HAGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ADAM DEAN HAGE, ) | |
| ) | |
| Third Party ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MATT SUTIKA, ) | |
| ) | |
| Third Party ) | |
| Defendant. ) | |

**ORDER**

On October 16, 2019, Defendant and Third-Party Plaintiff Adam Hage filed a Third-Party Complaint against his former business partner, Matthew Sutika, asserting one claim of contribution. (Dkt. 34). Presently pending before this Court is Third-Party Defendant Matthew Sutika's Motion to Dismiss the Third-Party Complaint, Dkt. [49]. This Motion is now fully briefed and ripe for decision.

1

I. **FACTUAL BACKGROUND**

On May 1, 2014, former business partners Matthew Douglas Sutika ("Sutika") and Adam Dean Hage ("Hage") incorporated an Indiana for-profit corporation, Suticon Hagemont, Inc. ("SHI"). (Dkt. 23 at 9). On June 17, 2014, SHI agreed to lease portions of a retail center building located at 5953-5957 East 86th Street in Indianapolis from the original Plaintiff, Stough Associates, L.P. ("Stough"). (Dkt. 1-3 at 52-71). Both Sutika and Hage signed a personal guaranty with Stough when SHI executed the lease. (Dkt. 50 at 2). Eventually, however, SHI defaulted on the lease by failing to pay rent. (Dkt. 1-3 at 4).

Prior to filing the instant case, Stough invited Sutika and Hage to engage in settlement negotiations to resolve the lease default pursuant to the personal guaranties executed by both of them. (*See* Dkt. 23-4 at 2; Dkt. 50 at 4). While Hage declined to participate, (Dkt. 50 at 4), on May 4, 2018, Sutika executed a Settlement Agreement and Release ("Settlement Agreement") and issued Stough a one-time payment of $43,000. (Dkt. 50 at 2). In return, Stough agreed to release Sutika from any and all potential claims arising from breach of the retail lease. (Dkt. 50 at 2). Sutika sent a copy of the Settlement Agreement and a non-disclosure agreement to Hage. (Dkt. 50 at 4).

On November 16, 2018, Stough filed a lawsuit against Hage in Marion County Superior Court alleging that he had breached his retail lease guaranty resulting in $108,767.30 in damages. (Dkt. 1-3 at 5). On May 17, 2019, Hage removed the case to this Court. (Dkt. 1). In his Answer, Hage admitted that SHI

had defaulted on the lease, (Dkt. 23 at 5; Dkt. 88 at 2), but argued that Stough overstated its damages. (Dkt. 23 at 11-12).

On October 16, 2019, without leave of Court, Hage filed a Third-Party Complaint against Sutika alleging one claim of contribution. (Dkt. 34). On February 12, 2020, Sutika filed the present Motion to Dismiss the Third-Party Complaint. (Dkt. 49).

## II.   DISCUSSION

Sutika seeks to dismiss Hage's Third-Party Complaint pursuant to Federal Rules of Civil Procedure 14(a), 16, and 12(b)(6). Sutika sets forth four main arguments in support of his Motion to Dismiss: (1) Hage's Third-Party Complaint was filed without leave of Court (Dkt. 50 at 7); (2) the Third-Party Complaint is untimely (Dkt. 50 at 10); (3) the Third-Party Complaint fails to meet the notice requirements of Rule 8(a) of the Federal Rules of Civil Procedure (Dkt. 50 at 11); and (4) Hage's contribution claim fails as a matter of law. (Dkt. 50 at 13). Finally, Sutika contends that even if the case is not dismissed on procedural grounds, the Court should decline to exercise supplemental jurisdiction. (Dkt. 50 at 16). The Court will address these arguments in turn.

### A. The Third-Party Complaint Violates Fed. R. Civ. P. 14(a) and the Court's Case Management Plan

First, Sutika asserts that Hage's Third-Party Complaint should be dismissed because he failed to seek leave of court prior to filing the complaint. Federal Rule of Civil Procedure 14(a)(1) permits a defendant "as third-party plaintiff [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of

3

the claim against it." Fed. R. Civ. P. 14(a)(1). "The crux of a Rule 14(a) third-party claim is the defendant's attempt to transfer (by indemnity, subrogation, contribution or some other theory) the liability asserted against the original defendant to the third-party defendant." *Green Mountain Fin. Fund LLC v. Lori Rappaport Lacroix v. Marguerite Downs Rappaport et al.*, No. 1:09-cv-01216-SEB-TAB, 2013 WL 6062145, at \*1 (S.D. Ind. Nov. 18, 2013).

In an effort to promote judicial efficiency, Rule 14 requires the third-party plaintiff to obtain leave of court if he files his third-party complaint more than 14 days after serving his original answer. *See* Fed. R. Civ. P. 14(a)(1). In this case, Defendant Hage filed his Answer to the Plaintiff's Complaint on August 7, 2019. (Dkt. 23). On October 16, 2019, more than 14 days later, Hage filed his Third-Party Complaint against Sutika. (Dkt. 34). Because Hage failed to obtain leave of court to file the third-party action, Sutika argues that this Third-Party Complaint should be dismissed.

Depending on the circumstances, a third-party complaint that has been filed without leave may be stricken. *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-cv-01598-TWP, 2013 WL 5960903, at \*2 (S.D. Ind. Oct. 8, 2013), *report and recommendation adopted*, No. 1:11-cv-01598-TWP, 2013 WL 5963232 (S.D. Ind. Nov. 7, 2013); *see Sabo v. Dennis Tech., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at \*3 (S.D. Ill. July 2, 2007) (disregarding defendants' amended third-party complaint filed without leave as required by Rule 14); *Int'l Greenhouse Contractors, Inc. v. Redden*, No. 1:14-cv-01229-RLY-MJD, 2016 WL 1183761, at \*1

(S.D. Ind. Mar. 28, 2016) (dismissing portion of counterclaim construed as a complaint against a non-party where defendant failed to request leave of court pursuant Fed. R. Civ. P. 14(a)(1)); *cf. Johnson v. Wallich*, 578 Fed. Appx. 601, 603 (7th Cir. 2014) (noting that, in the context of amending complaints under Rule 15, a "district court cannot abuse its discretion by denying leave to amend [complaint] if [plaintiff] never sought it."); *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (affirming dismissal of complaint with prejudice where plaintiff did not request leave to amend).

In his Motion to Dismiss, Sutika maintains that by failing to request leave, Hage has violated the Federal Rules of Civil Procedure and the Court's Case Management Plan Order. (Dkt. 50 at 5). In his response, Hage seems to suggest that leave was permitted during the parties' Rule 16 Initial Pretrial Conference with the Court. During the August 5, 2019 conference, Hage maintains that the Court directed him to file his third-party complaint against Sutika by October 17, 2019. (Dkt. 88 at 4-5). Specifically, Hage contends that he understood from the parties' Rule 16 Initial Pretrial Conference that the Court "wanted Hage to file his Third-Party Complaint . . . against Sutika prior to the October 17, 2019 deadline to file a motion for leave to file a third-party complaint." [sic] (Dkt. 88 at 2).

During the Rule 16 Initial Pretrial Conference on August 5, 2019, Hage represents that he made an oral motion to delay filing a third-party complaint until after the Court ruled on his then-pending motion to dismiss. (Dkt. 88 at 4). Hage

understood the Court to deny his request for a stay, but believed it ordered him to file a third-party complaint by October 17, 2019. (Dkt. 88 at 4-5).

Two days after the Rule 16 Initial Pretrial Conference, on August 7, 2019, Hage filed his Answer to Stough's Complaint. (Dkt. 23). On August 12, 2019, the Court issued the parties' Case Management Plan Order, which specified the deadlines that would govern the case moving forward. (Dkt. 26). In the Case Management Plan, the Court specifically ordered the parties to have "[a]ll motions for leave to amend the pleadings and/or join additional parties . . . filed on or before October 17, 2019." (Dkt. 26 at 3). There is no indication in the Court's Case Management Plan Order or Minute Entry to suggest that Hage had been granted leave to file a third-party complaint against Sutika. Instead, the Court's scheduling order clearly directed the parties to file requests for leave to join additional parties to the litigation by October 17, 2019.

On October 16, 2019, without leave of court, Hage filed his Third-Party Complaint against Sutika. Even though counsel for Hage may have misunderstood the Court's directive at the Rule 16 conference, it is clear from the Court's scheduling order that the deadline to file requests for leave to join additional parties was October 17, 2019. There is nothing in the record to suggest that Hage was granted leave to file a third-party claim at the Initial Pretrial Conference.

A defending party must obtain leave of court to file a third-party complaint more than 14 days after serving its original answer. Fed. R. Civ. P. 14(a)(1). By failing to seek leave, Hage has failed to comply with the Court's Case Management

Plan and the Federal Rules of Civil Procedure. Even if the Court construed Hage's response to Sutika's Motion to Dismiss as a delinquent motion for leave, the Court declines to exercise this discretion for reasons discussed below.

### B. The Third-Party Complaint Fails to State a Claim

Sutika maintains that even if the Court decides to permit Hage to move forward with his Third-Party Complaint, the third-party action should be dismissed because Hage has failed to plead a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(6), a party may move to dismiss a claim that fails to state a plausible right to relief. Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roake v. Forest Pres. Dist. of Cook Cty.*, 849 F.3d 342, 346 (7th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While a judge must accept as true all well-pleaded facts contained in the complaint when reviewing a motion to dismiss, the Court is permitted to disregard legal conclusions or conclusory allegations that merely recite the elements of the cause of action. *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011). To survive a motion to dismiss, "a plaintiff's complaint must contain [factual] allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Jakupovic v. Curran*, 850 F.3d 898, 901 (7th Cir. 2017); *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).

In Sutika's Motion to Dismiss, he argues that Hage's Third-Party Complaint should be dismissed pursuant to Rule 12(b)(6) because it fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). (Dkt. 50 at 11). In reviewing the sufficiency of a complaint, Rule 8(a) requires only a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not required detailed factual allegations, the complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so, what it is." *Gillette v. Gaming Entm't (Ind.) doing business*, No. 1:15-cv-01040-SEB-DKL, 2016 WL 4919992, at *2 (S.D. Ind. Sept. 14, 2016).

On October 16, 2019, Hage filed his Third-Party Complaint against Sutika alleging one count of contribution arising from an alleged breach of the parties' guaranty obligations under the retail lease. (Dkt. 34 at 2). To prevail on a contractual claim for contribution against a co-guarantor in either Indiana or Illinois, the pleader must demonstrate that he has paid more than his proportionate share of a debt. *See Small v. Rogers*, 938 N.E.2d 18, 22 (Ind. Ct. App. 2010); *Balvich v. Spicer*, 894 N.E.2d 235, 243 (Ind. Ct. App. 2008); *Spitzer v. Pate*, No. 03 C 346, 2003 WL 21439869, at *2 (N.D. Ill. June 19, 2003); *Ruggio v. Ditkowsky*, 147 Ill. App. 3d 638, 642 (1986).

In order to survive Sutika's 12(b)(6) challenge, Hage's Third-Party Complaint must provide enough facts for the Court to infer that Hage is entitled to relief. Because the Court is permitted to disregard conclusory allegations that merely

8

recite the elements of the cause of action, *McCauley*, 671 F.3d at 617, the Court begins its analysis by identifying the conclusory statements and legal conclusions in Hage's Third-Party Complaint that are not entitled to the presumption that they are true, which include the following:

. . .

> 11. If Plaintiff Stough should recover against defendant Adam Hage for the allegations contained in Plaintiff's Complaint, said damages will have primarily occurred during a period of time in which Sutika was the primary and sole occupant of the Premises.
>
> 12. If Hage is found liable for any of the damages alleged in Stough's Complaint, Sutika is obligated to reimburse Hage for all or part of the liability so assessed by way of contribution.

. . .

(Dkt. 34 at 2). Setting these statements aside, the Court must next determine whether there are sufficient factual allegations remaining in the Third-Party Complaint to state a claim for relief that is plausible on its face. *See McCauley*, 671 F.3d at 616; *Iqbal*, 556 U.S. at 678-681.

To support his claim of contribution, Hage pleads limited factual content in the Third-Party Complaint, but incorporates Stough's original Complaint and his original Answer, including his Affirmative Defenses, to support his allegations. (Dkt. 34 at 2).[1] Reviewing the factual allegations in these documents, Hage asserts the following in support of his contribution claim:

- Hage is an individual and resides in Chicago, Illinois. (Dkt. 34 at 1);

---

[1] A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. Fed. R. Civ. P. 10(c). Thus, the Court will consider the factual assertions alleged in the documents "incorporated by reference" in the Third-Party Complaint.

9

- Sutika is an individual and resides in Illinois. (Dkt. 34 at 1);

- On May 22, 2012, Sutika entered into the retail lease agreement with Stough. (Dkt. 34 at 2);

- Sutika signed all subsequent amendments to the lease. (Dkt. 34 at 2);

- On May 1, 2014, Sutika and Hage incorporated SHI. (Dkt. 23 at 9);

- On June 17, 2014, SHI agreed to lease portions of the retail center from Stough. (Dkt. 1-3 at 52-71);

- Sutika and Hage signed a personal guaranty with Stough when SHI executed the lease. (Dkt. 23 at 2, 9; Dkt. 34 at 2);

- In about July 2015, the business relationship between Hage and Sutika ended, and Hage did not occupy or operate out of the retail center building thereafter. (Dkt. 34 at 2);

- SHI defaulted on the lease. (Dkt. 23 at 5);

- Sutika was the primary user of the retail center building between May 22, 2012 and November 30, 2017. (Dkt. 34 at 2);

- Total payment due under the terms of the lease agreements between October 2016 and November 30, 2017 is approximately $64,798.91 (Dkt. 23 at 11);

- Stough received at least $29,373.36 from State Farm and SHI toward the $64,798.91 balance. (Dkt. 23 at 11-12);

- Plaintiff Stough filed a complaint against Hage seeking damages from an alleged breach of retail lease guaranty. (Dkt. 34 at 1).

Reviewing these factual allegations and accepting them as true in connection with Sutika's Motion to Dismiss, the Court finds that Hage has failed to state a plausible claim for contribution. *See Iqbal*, 556 U.S. at 678 (a complaint must plead sufficient factual content to state a claim for relief that is plausible on its face).

10

While Hage appears to imply that the third-party claim arises from liability Sutika owes to him, Hage has failed to demonstrate that he has a right to relief under any applicable substantive law. *Green Mountain Fin. Fund LLC*, 2013 WL 6062145, at *1 (third-party claim dismissed for failing to provide a substantive basis for third-party defendant's liability).

Under both Indiana and Illinois law, a claimant may bring a claim for contribution against his co-guarantor where the claimant has paid more than his proportionate share of a debt.[2] *See Small*, 938 N.E.2d at 22 (holding that claimant was not entitled to contribution against co-guarantor because debts had not been reduced to judgment and claimant had not discharged his debt by paying the debt or a judgment on the debt); *Spitzer*, 2003 WL 21439869, at *2 (granting motion to dismiss third-party complaint because third-party plaintiff failed to allege that he paid more than his proportional share of a common obligation).

By failing to identify any amount that he has paid to satisfy the agreed debt, Hage has failed to plead facts sufficient to survive a Rule 12(b)(6) challenge. Accordingly, the Court **GRANTS** Sutika's Motion to Dismiss.

---

[2] The Court is able to infer that the third-party action arises from the alleged breach of the personal guaranties signed by Sutika and Hage. Under Indiana and Illinois law, a guaranty is "an independent contract." *McEntire v. Ind. Nat'l. Bank*, 471 N.E.2d 1216, 1223 (Ind. Ct. App. 1984); *see INDYCAR LLC v. Casey*, No. 1:16-cv-01274-TWP-MJD, 2016 WL 11269434, at *4 (S.D. Ind. Sept. 20, 2016); *FIMSA, Inc. v. Unicorp Fin. Corp.*, 759 F. Supp. 1297, 1300 (N.D. Ill. 1991) (stating that under Illinois law, "guaranties are contracts legally enforceable in accordance with their express provisions."

11

### III. CONCLUSION

For the reasons discussed herein, Third-Party Defendant Sutika's Motion to Dismiss, Dkt. [49], is **GRANTED**. Defendant and Third-Party Plaintiff Hage's Third-Party Complaint, Dkt. [34], is **DISMISSED WITHOUT PREJUDICE.**

So ORDERED.

Date: 6/15/2020

*Doris L. Pryor*
Hon. Doris L. Pryor
United States District Court
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.